UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN COLEMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-3655** |
| **N. BURL CAIN ET AL.** | **SECTION "H"** |

### ORDER AND REASONS

Before the Court are Petitioner's 60(b)(3) Motion for Relief from Final Judgment (R. Doc. 148); Petitioner's Motion to Propound Written Interrogatories (R. Doc. 159); Petitioner's Motion to Stay Proceedings (R. Doc. 163); Petitioner's Motion to Recuse the Orleans Parish District Attorney's Office (R. Doc. 158); and Respondent's Motion for Sanctions (R. Doc. 157). For the following reasons, all of the aforementioned Motions are DENIED.

### BACKGROUND

On July 16, 2001, Petitioner Calvin Coleman was convicted of second-

degree murder by an Orleans Parish jury.[1]  In July of 2007, Coleman petitioned this Court for a writ of habeas corpus pursuant to 18 U.S.C. § 2254 on several grounds, including the ineffective assistance of counsel in his state court murder trial.[2]  On August 10, 2012, an evidentiary hearing was held in this Court to allow Petitioner to submit evidence on his claim of ineffective assistance of counsel.  Specifically, Petitioner claimed that his trial counsel had failed to interview or call Maryann Bindon, a witness who had allegedly told police that she saw a man she knew to be called "Casino" digging through the victim's pockets moments after the shooting.  She later declined to identify Petitioner in a photo lineup, stating that she knew Casino and none of the pictures in the lineup was of him.  Ms. Bindon could not be located to testify at the evidentiary hearing.  Petitioner also complained that trial counsel failed to interview Carl Wright, an individual who was seen running from the scene of the shooting.  Mr. Wright likewise did not testify at the evidentiary hearing.

On January 31, 2014, this Court dismissed Petitioner's request for habeas relief.  The Court held, in part, that Petitioner failed to prove what further investigation of Mr. Wright would have revealed and whether and to what Ms. Bindon would have testified.

On January 27, 2015, Petitioner, proceeding *pro se*, filed the instant Motion for Relief from Final Judgment requesting that this Court reconsider its prior decision to deny him a writ of habeas corpus.  Petitioner based this request

---

[1] *State v. Coleman*, No. 2002-K-0130, at p. 1 (La. Ct. App. 4 Cir. 9/25/02) (unpublished).
[2] R. Doc. 23.

on Federal Rule of Civil Procedure 60(b)(3), which states that the court may relieve a party from a final judgment for fraud, misrepresentation, or misconduct by an opposing party. Specifically, Petitioner claims that members of the Orleans Parish District Attorney's Office conspired to prevent Ms. Bindon and Mr. Wright from testifying at his 2012 evidentiary hearing. In response to these allegations, Respondent filed a Motion for Sanctions against Petitioner pursuant to Federal Rule of Civil Procedure 11. Petitioner then asked this Court to recuse the Orleans Parish District Attorney's Office from its representation of Respondent because of its interest in the matter. This Court will address each of these motions in turn.

## LAW AND ANALYSIS

### A. Motion for Relief from Final Judgment

Petitioner seeks review of this Court's denial of habeas relief under Federal Rule of Civil Procedure 60(b)(3) on the grounds that members of the Orleans Parish District Attorney's Office conspired to prevent Ms. Bindon and Mr. Wright from testifying at his 2012 evidentiary hearing. In particular, Petitioner claims that an agent of the district attorney's office prevented Ms. Bindon from testifying by telling her that it would not "be in her best interest" to do so. He further claims that the assistant district attorney at his evidentiary hearing mislead Petitioner to believe that the government would assist in locating Ms. Bindon while he was actually aware of her whereabouts and had discouraged her from testifying. Petitioner also claims that another assistant

3

district attorney discouraged Mr. Wright from testifying by making threats regarding charges pending against Mr. Wright at the time of the evidentiary hearing. Despite asking "this court to allow him to submit two affidavits, (1) from Ms. Bindon, (2) Mr. Wright," Petitioner attaches no affidavits and offers no evidence to support his serious allegations of prosecutorial misconduct.

In response to Petitioner's Motion, Respondent submits two sworn affidavits unequivocally disproving Petitioner's allegations. First, Respondent attaches an affidavit from Mel Ryan, an investigator at the Orleans Parish District Attorney's Office, in which Mr. Ryan swears to the details of a conversation that he had with Mr. Wright during his investigation for the instant motion. In the affidavit, Mr. Ryan reveals that Mr. Wright relayed the following information:

1. That he was never asked to be a witness at Petitioner's evidentiary hearing;

2. "That no employee of the Orleans Parish District Attorney's Office has ever attempted to discourage or threaten him regarding testifying in federal court" on Petitioner's behalf;

3. "That he has never discussed any aspect of this case" with Petitioner;

4. That, if asked by Petitioner, he would refuse to execute an affidavit attesting that agents of the State had prevented him from testifying on Petitioner's behalf;

5. That the allegation that Mr. Wright told Petitioner that he had been threatened from testifying on Petitioner's behalf is false; and

4

6. That he "would not sign an affidavit attesting to the above because he did not want to be involved in the case, but that he would not lie about his (lack of) involvement" with Petitioner.

Second, Respondent submits an affidavit from Ms. Bindon in which she attests the following:

1. "That no employee of the Orleans Parish District Attorney's Office has ever attempted to discourage or threaten [her] regarding testifying in federal court" on Petitioner's behalf;

2. That she has never discussed any aspect of Petitioner's case with him;

3. That Petitioner never asked her to execute an affidavit in relation to this case;

4. That she would refuse to execute an affidavit attesting that agents of the State had prevented her from testifying on Petitioner's behalf;

5. That the factual representations in Petitioner's Motion for Relief from Final Judgment pertaining to her are false; and

6. That she has never spoken to the assistant district attorney who represented Respondent during the evidentiary hearing.

In light of these affidavits, which appear to reveal that Petitioner's allegations are made from whole cloth, it is inconceivable how Petitioner could prove his claim of fraudulent conduct by the Orleans Parish District Attorney's Office. The Fifth Circuit has stated that in order to be successful on a 60(b)(3) motion, "[t]he movant must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party

5

from fully and fairly presenting his case. The moving party has the burden of proving the misconduct by clear and convincing evidence."[3] Petitioner has clearly failed to carry this burden of proof, and his request for this Court to reconsider its denial of habeas relief is denied.

**B. Petitioner's Motion to Propound Interrogatories and Depose the Affiants**

In light of the Court's above ruling, there is no reason to allow Petitioner to engage in discovery to support his 60(b)(3) Motion. The sworn affidavits submitted by Respondent convince this Court that further discovery would be futile. No amount of discovery could cure Ms. Bindon's sworn statement that Petitioner's allegations of prosecutorial misconduct are false. Accordingly, his discovery motion is denied.

**C. Petitioner's Motion to Stay Proceedings**

Likewise, this Court declines Petitioner's request to stay proceedings so that he can obtain counsel. In his most recently filed Motion, Petitioner requests a stay of his 60(b)(3) Motion so that he may retain paid counsel to "investigate the new facts that the respondent has recently supplemented the record with."[4] As discussed above, the affidavits submitted by Respondent render further investigation into Petitioner's allegations futile. Therefore, retention of counsel is unnecessary, and Petitioner's request for a stay is denied.

**D. Petitioner's Motion to Recuse Orleans Parish District Attorney**

---

[3] *Bieler v. HP Locate, L.L.C.*, No. 14-10632, 2015 WL 191133, at *2 (5th Cir. Jan. 15, 2015).

[4] R. Doc. 163.

Next, Petitioner requests that the Orleans Parish District Attorney's Office be recused from representation of Respondent because of its "personal attachment and/or interest in this matter," namely its interest in the allegations of prosecutorial misconduct made by Petitioner in his Rule 60(b)(3) Motion.[5] Petitioner cites Respondent's Motion for Sanctions against him as proof of the office's malice toward him. Petitioner has cited no legal authority supporting his request to have the district attorney's office recused from representation of Respondent.

In short, Petitioner has accused Respondent's counsel of engaging in unethical tactics to undermine Petitioner's claim; he now seeks to have Respondent's counsel recused from defending itself from these allegations. Even if Petitioner's allegations were not wholly meritless, a grant of this request would lead to absurd results. Indeed, a holding by this Court purporting to recuse the district attorney's office from this case on the grounds asserted by Petitioner would be tantamount to a holding authorizing the recusal of every attorney accused by opposing counsel of engaging in spoliation or elusive discovery. Lawyers necessarily have an interest in matters involving their clients, and they are best suited to defend themselves against allegations of wrongdoing made by opposing parties. Accordingly, Petitioner's request is denied.

**E. Respondent's Motion for Sanctions**

Finally, and in light of the above, Respondent filed a Motion for Sanctions

---

[5] R. Doc. 158.

against Petitioner pursuant to Federal Rule of Civil Procedure 11(b)(3). Rule 11(b)(3) provides that an attorney or unrepresented party presenting a signed pleading or motion to the court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."[6] Rule 11(c) permits this Court to impose sanctions against a party whose pleadings violate the requirements of Rule 11(b).

Respondent argues that Petitioner's Motion for Relief from Final Judgment was in violation of Rule 11(b)(3) and that he filed it with "full knowledge that the factual contentions therein [were] not supported by evidence."[7] This Court agrees that the affidavits submitted by Respondent indicate that Petitioner made no effort to ensure the veracity of his allegations and, indeed, seems to have fabricated them out of thin air. That said, the record reveals that this is the first instance in which Petitioner has submitted such a meritless filing to this Court. "Generally, a warning precedes the imposition of sanctions against a *pro se* litigant."[8] Therefore, despite this Court's

---

[6] Fed. R. Civ. Pro. 11(b)(3).

[7] R. Doc. 157.

[8] *Rich v. Hopper*, 985 F.2d 557 (5th Cir. 1993); *see Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988); *McCampbell v. KPMG Peat Marwick*, 982 F. Supp. 445, 448 (N.D. Tex. 1997) ("For that reason, *pro se* parties should be sanctioned 'only after successive attempts to press a wholly frivolous claim.'"); *Taylor v. C.I.R.*, 350 F. App'x 913, 915 (5th Cir. 2009) ("A party who continues to advance long-rejected arguments invites sanctions. Sanctions on *pro se* litigants are appropriate if they were warned that their claims are frivolous and they were aware of

acknowledgment that Petitioner's Motion violated Rule 11 and made reckless and harmful allegations against members of the bar, it declines to impose sanctions at this time. Petitioner is warned, however, that further filings before this Court that are devoid of any evidence or basis in fact will result in sanctions.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion for Relief from Final Judgment is DENIED; Petitioner's Motion to Propound Written Interrogatories is DENIED; Petitioner's Motion to Stay Proceedings is DENIED; Petitioner's Motion to Recuse is DENIED; and Respondent's Motion for Sanctions is DENIED.

New Orleans, Louisiana, this 16th day of April, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

'ample legal authority holding squarely against them.'" (internal citation omitted)).